FILED by RCB D.C.
ELECTRONIC
May 29, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-

09-80815-Civ-DIMITROULEAS/SNOW

KRISTIN DELGRECO,

    Plaintiff,

v.

TYMAN & ASSOCIATES, INC., a Florida Corporation,
TYMAN & ASSOCIATES, INC., a Florida Corporation,
d/b/a TCG & ASSOCIATES, INC.
and STEVEN TYMAN,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, KRISTIN DELGRECO, was an employee of Defendants, TYMAN & ASSOCIATES, INC., a Florida Corporation, TYMAN & ASSOCIATES, INC., a Florida Corporation d/b/a TCG & ASSOCIATES, INC. ("TAI"), and STEVEN TYMAN ("TYMAN") (hereinafter referred to collectively as "Defendants") and she brings this action, by and through undersigned counsel for unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Section 216(b) and Florida Statute Section 448 et seq.

2. Plaintiff performed worked as an employee for Defendants (and the predecessor and/or related or affiliated entities) in Broward and Palm Beach County, Florida from approximately 2004 to 2009.

3. Defendants own and/or operate an accounting service business with one or more locations in Broward and Palm Beach County, Florida within the jurisdiction of this Court.

4. At all times material hereto, TYMAN is and was an individual resident of the

State of Florida who, as the "manager" "managing partner" of TAI was responsible for day-to-day management of TAI (as well as predecessor, related and affiliated entities). As such, TYMAN regularly exercised the authority to hire and fire employees, determine work schedules of employees, set the rates of pay for employees, and controlled the management, finances, and operations of the office location of TAI where Plaintiff was employed. By virtue of such control and authority, TYMAN was an employer of Plaintiff as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

5. This action is brought to recover from Defendants unpaid overtime wages, and/or improperly or inaccurately calculated overtime compensation, improper deductions, damages caused by Defendants' conduct, along with liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) (the Act), as well as under Fla. Stat. Section 448 et seq.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant TAI was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act. 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross sales volume of TAI was and is in excess of $500,000.00 per annum. Additionally, Plaintiff was individually engaged in interstate commerce at all times material hereto.

7. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. §201-209, in that Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay her for all hours worked in excess of Forty (40) within a work week.

8. For one or more pay periods preceding this Complaint, Plaintiff worked for Defendants, and Defendants' payroll practices were illegal and/or improper. In addition, Defendants have failed and/or refused to properly compensate her accurately or properly for her overtime compensation pursuant to the FLSA, in fact Defendants simply paid Plaintiff her straight time hourly wage despite her having worked well in excess of forty hours throughout numerous work weeks.

9. Plaintiff, who was paid by the hour, regularly worked for Defendants in excess of Forty (40) hours for numerous work weeks during her employment with Defendants. Defendants were well aware of her work and her work hours. Defendants regularly excluded time worked each work day and each work week from any compensation, and failed to properly compensate her for all hours worked, which ultimately resulted in inaccurate calculations of hours worked and inaccurately paid Plaintiff only her straight time at her regular pay rate regardless of the number of hours she actually worked.

10. Plaintiff is entitled to the benefits and protections afforded by the FLSA and Florida Statute Section 448 et seq. Defendants did not properly pay her time and a half wages for all of the overtime hours worked by Plaintiff.

11. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to her are in the possession and custody of Defendants.

## COUNT I

## RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION

12. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 11 above.

13. Plaintiff is entitled to be paid time and one-half of the regular rate of pay for each

hour worked in excess of Forty (40) hours per work week. Defendants' actions and/or inactions have deprived Plaintiff of her property and legal rights.

14. By reason of the said intentional, knowing, oppressive, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus she now incurred costs and reasonable attorneys' fees.

15. As a result of Defendants' willful and intentional violations of the FLSA, and/or conscious disregard for Plaintiff's rights and Defendants' obligations under the FLSA, Plaintiff is entitled to liquidated damages.

16. Plaintiff has retained the undersigned counsel to represent her in this action and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

17. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, KRISTIN DELGRECO, demands a judgment against Defendants jointly and severally, declaring, pursuant to 29 U.S.C. §201 *et seq.*, that the acts and practices complained of herein are in violation of the FLSA; awarding payment of all proper minimum wage without improper deductions as well as overtime hours at one and one-half the regular rate of pay due to her for the hours worked by her for which she has not been properly compensated, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

## COUNT II – UNPAID WAGES, FLORIDA STATUTE SECTION 448

18. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Prior to any expiration of any limitations period found to be applicable to Count I,

Plaintiff was employed by Defendants.

20. During the period of time prior to any limitations period found to be applicable to Count I herein, Plaintiff was not paid by Defendants for all hours worked, and her payroll checks only paid her for straight time at her regular rate of pay even in work weeks where she worked in excess of forty hours. Thus, although Plaintiff received a payroll check from Defendants during those work weeks while she was employed by Defendants, she was not properly or fully compensated for the total wages for which she was properly and legally owed by Defendants for each work week.

21. As a result of Defendants' failure to fully or properly compensate Plaintiff for the wages she has legally earned, Plaintiff has suffered damages.

22. Plaintiff has retained the undersigned counsel, and has agreed to pay a reasonable attorney's fee and costs associated with the prosecution of this matter.

WHEREFORE, Plaintiff, demands a judgment for compensatory damages against Defendants (jointly and severally) together with interest, costs, and attorney's fees, pursuant to Fla. Statue § 448.08 and any and all other relief deemed appropriate by this Court.

Respectfully submitted this 29th day of May, 2009.

Jason S. Haselkorn (Florida Bar No. 0052140)
Jhaselkorn@caseyciklin.com
Matthew N. Thibaut (Florida Bar No. 0514918)
Mthibaut@caseyciklin.com
CASEY CIKLIN LUBITZ
MARTENS & O'CONNELL
515 North Flagler Drive, 19th Floor
West Palm Beach, FL 33401
Telephone: (561) 832-5900
Facsimile: (561) 833-4209
Attorneys for Plaintiff

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re[quired by law, except as provided] by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of [Court for the purpose of initiating] the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C**[ases Below.]

FILED by ___ D.C.
ELECTRONIC
May 29, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
Kristen DelGreco

## DEFENDANTS
Tyman & Associates, Inc., a Florida corp[oration, and ___]
Inc., a Florida corporation d/b/a TCG & A[ssociates]

**(b)** County of Residence of First Listed Plaintiff **Broward County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Casey Ciklin Lubitz et al 561-832-5900
515 N. Flagler Drive, 19th Floor
West Palm Beach, FL 33401

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV 80815 WPD/LSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 USC § 201 et seq. Unpaid overtime compensation

LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _[signature]_
DATE 5/29/09

FOR OFFICE USE ONLY
AMOUNT **350**    RECEIPT # **725894**